## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CHARLES JOHNSON,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.** |
| **JIM ELLIS ATLANTA, INC.,** | ) | _____ |
| | ) | |
| *Defendant.* | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Charles Johnson, by and through his undersigned counsel, respectfully submits this Complaint against Defendant Jim Ellis Atlanta, Inc.  For his causes, Plaintiff states as follows:

### Jurisdiction and Venue

1.      This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating

commerce.  Additionally, this Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367.

2.      Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

3.      Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391.  Defendant owns and operates numerous automobile dealerships in this judicial district, including the one at which Plaintiff worked, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## The Parties

4.      Defendant is a Georgia corporation.  Defendant manages and operates several automobile dealerships, including the one in Georgia where Plaintiff worked.

5.      Defendant can be served via its registered agent, Rafe Banks III, located at 309 Pirkle Ferry Road, Bldg. F, Cumming, GA  30040.

6.      Plaintiff worked for Defendant as a Porter from 2010 until the termination of his employment on December 7, 2015.

## Factual Allegations

7.    Plaintiff was an "employee" of Defendant's within the meaning of 29 U.S.C. § 203(e) during the relevant period.

8.    Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) during the relevant period and was not exempt from the overtime provisions of the FLSA.

9.    During the relevant period, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because it had employees engaged in commerce and because its annual gross sales volume exceeded $500,000.

10.    During the relevant period, Defendant classified Plaintiff as non-exempt for FLSA purposes.

11.    Plaintiff was a non-exempt employee within the meaning of the FLSA throughout his employment with Defendant and was subject to the overtime provisions of the FLSA.

12.    During the relevant period of Plaintiff's employment with Defendant, he was paid at an hourly rate of $14 and an overtime rate of $21 per hour.

13.     In addition to Plaintiff's hourly rate, Defendant compensated Plaintiff for cleaning automobiles located at various shopping malls located in the Atlanta metropolitan area.

14.     During the relevant period of Plaintiff's employment with Defendant, Plaintiff regularly worked hours in excess of 40 hours per week for which Defendant failed to fully compensate him.  Plaintiff's supervisors were aware of the hours Plaintiff worked for which he was not properly compensated.

15.     Defendant failed to credit and pay Plaintiff properly for all overtime hours he worked – *i.e.*, all hours worked over 40 within each workweek.

16.     Defendant has willfully and intentionally failed and/or refused to properly compensate Plaintiff.

17.     Plaintiff has given his written consent to participate in this action under the FLSA.   His consent is attached hereto as Exhibit A and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT I: Violation of the Fair Labor Standards Act
## Unpaid Overtime

18.     Plaintiff re-alleges paragraphs 1 through 17 above and incorporates them here by reference.

19.     By engaging in the conduct described above, Defendant failed to pay Plaintiff at a rate of pay not less than one and one half times his regular rate for all

4

work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

20.    Defendant's actions in failing to compensate Plaintiff in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

21.    As a result of Defendant's violation of the FLSA, Plaintiff is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

WHEREFORE, Plaintiff prays for the following relief: the unpaid overtime compensation due under the FLSA at one and a half times his applicable regular rates for all hours worked in excess of forty (40) per week in an amount to be determined at trial; an equivalent amount as liquidated damages; pre- and post-judgment interest; reasonable counsel fees and costs; and such further and appropriate relief as the Court may deem necessary.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues deemed so triable.


Dated: December 30, 2015                    Respectfully submitted,

By:  /s/   Andrew Weiner
Andrew Weiner, Bar No. 808278
aw@atlantaemployeelawyer.com
Jeffrey Sand, Bar No. 181568
js@atlantaemployeelawyer.com
THE WEINER LAW FIRM LLC
3525 Piedmont Rd., 7 Piedmont Ctr.
3rd Fl.
Atlanta, GA  30305
(404) 254-0842 (t)
(866) 800-1482 (f)

Counsel for Plaintiff